

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 AUG 13 AM 11: 55

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF LOUISIANA, | * * * | CIVIL ACTION: |
| Plaintiff, | * * | **07-4090** |
| v. | * * | SECTION **SECT. R MAG. 5** |
| KATHLEEN BABINEAUX BLANCO, Governor of Louisiana, in her official capacity; JOHN NEELY KENNEDY, State Treasurer, in his official capacity, | * * * * | MAGISTRATE: |
| Defendants. | * * | |
| * * * * * * * * * * * * * * * * * * * | | |

## COMPLAINT

### INTRODUCTION

1. The Louisiana Legislature recently passed, and Governor Kathleen Babineaux Blanco signed into law, legislation appropriating hundreds of thousands of taxpayer dollars to houses of worship and other religious institutions. This funneling of government funds to favored churches violates the Establishment Clause of the U.S. Constitution by impermissibly endorsing and subsidizing preferred religious groups and activities. While Louisiana is free to work with

Fee 350
Process (2) SMS nel
X Dktd
CtRmDep
Doc. No

religiously affiliated organizations to achieve secular goals, the First Amendment strictly bars the State from directly financing those organizations with unrestricted, unmonitored, non-neutral cash grants. Because the State's earmarked appropriations of taxpayer revenue to Stonewall Baptist Church of Bossier City ("Stonewall Baptist Church") and Shreveport Christian Church fail multiple tests of constitutionality, the American Civil Liberties Union Foundation of Louisiana brings this action pursuant to 42 U.S.C. § 1983 and seeks immediate injunctive relief preventing transfer and expenditure of these funds.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under the Constitution of the United States. The Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, authorizes the Court to issue declaratory relief.

3. Venue is proper in the Eastern District of Louisiana under 28 U.S.C. §1391(b) because Plaintiff and many of its members reside and pay taxes in this district, and the State made the challenged appropriations out of its general, statewide revenues.

## PARTIES

4. Plaintiff American Civil Liberties Union Foundation of Louisiana ("ACLU-LA") is a non-profit organization devoted to protecting the basic civil liberties embodied in the United States and Louisiana constitutions, including those liberties of religious belief and conscience safeguarded by the Establishment Clause of the First Amendment. Plaintiff is domiciled in the State of Louisiana and has its principal place of business in New Orleans. The ACLU-LA and many of its members reside in Orleans Parish, Louisiana, where they pay taxes that flow into the State General Fund. The ACLU-LA sues on its own behalf and on behalf of its members who are residents of and pay state taxes in Louisiana. Plaintiff and its members object to, and are

injured by, the Defendants' distribution of state tax dollars to fund the sectarian activities of religious institutions.

5. Defendant Governor Kathleen Blanco ("Governor") is sued in her official capacity as the Governor of the State of Louisiana ("State"). The Governor serves as the chief executive officer for the State and bears overall responsibility for implementing and enforcing the laws of the State, including responsibility for administering payments pursuant to legislative line item appropriations. The State appropriates funds for the administration of, for example, the executive branch of state government, pensions, public schools, public roads, and state correctional institutions. The State recently authorized appropriations of state taxpayer money to a variety of recipients, including Stonewall Baptist Church and Shreveport Christian Church. The Governor approved the earmarked appropriations of state taxpayer money to these religious institutions without any stipulation of a secular purpose or effect for such funds. Despite holding authority to veto such appropriations and to implement, by executive order or otherwise, appropriate safeguards and monitoring mechanisms to prohibit unconstitutional expenditures, the Governor failed to prevent the State of Louisiana from unconstitutionally providing funds to religious institutions.

6. Defendant John Neely Kennedy ("Treasurer") is sued in his official capacity as the Treasurer of the Louisiana Department of the Treasury. The Louisiana Department of the Treasury ("Treasury") is responsible for disbursing taxpayer dollars from the State General Fund to a variety of recipients. As head of the Treasury, the Treasurer bears ultimate responsibility for overseeing that process. House Bill 1 authorizes and directs the Treasurer to use state funds to complete payment of the appropriations listed therein, including earmarked appropriations to Stonewall Baptist Church and Shreveport Christian Church

3

## FACTS

7. House Bill No. 1 of the 2007 regular session, signed by Governor Blanco as Act 18 on July 12, 2007 ("House Bill 1"), appropriated State General Fund funds for various purposes and entities across the State of Louisiana. The Bill included a special section, Section 20-945, directing state taxpayer money into the coffers of private entities and some local government organizations. These earmarked appropriations, which some have criticized for being a "slush fund" or "political payoffs," have not been individually identified in previous years; prior to the 2007 Session, however, Governor Blanco initiated procedural reforms that now require some minimal documentation of legislators' gifts to local organizations.

8. As a result of these modest reforms, it has become apparent in House Bill 1 that individual legislators selected, the Legislature as a whole approved, and the Governor ultimately signed into law grants of special financial benefits of $100,000 for Stonewall Baptist Church of Bossier City, Louisiana and $20,000 for Shreveport Christian Church.

9. Stonewall Baptist Church, located in Bossier City, Louisiana, and Shreveport Christian Church are houses of worship that ascribe to particular theological beliefs central to and intertwined with their various ministries and activities. Both are pervasively sectarian institutions whose primary and substantial functions are subsumed in their religious missions.

10. In an attempt to learn more about these appropriations, the ACLU-LA requested the back-up documentation required by the House Appropriations Committee from the appropriations' sponsor. The sponsor, Representative Ernest Baylor, Jr., of District 3, failed to supply the documentation; nor has the ACLU-LA been able to obtain it elsewhere.

11. House Bill 1 channels state taxpayer money directly to houses of worship. Further, Schedule 20-945 of the Appropriations Bill does not require that Stonewall Baptist Church or

4

Shreveport Christian Church use funds only for secular purposes. Nor do the appropriations prohibit use of the taxpayer funds for religious facilities, programs, or activities such as worship, religious education, proselytizing, religious counseling, or indoctrination. Rather, the Bill elusively describes the appropriations as "providing special state direct aid to specific local entities for various endeavors." These appropriations, payable directly from the State General Fund to houses of worship, lack a clear secular use or effect.

12. The earmarks were not awarded pursuant to a neutral bidding process or any neutral program with a stated secular aim or articulated criteria related to that goal.

13. Additionally, the State of Louisiana does not monitor the appropriations provided by the Appropriations Bill to ensure that taxpayer money is being used for legitimate, constitutional purposes and effects. Although the Governor has required, by executive order, certain auditing mechanisms relating to line item appropriations, the Governor failed to include any restrictions barring use of funds in violation of the Establishment Clause or preventing use of funds for religious purposes or activities. There are no safeguards to prevent Stonewall Baptist Church or Shreveport Christian Church from using the money to support their religious mission, facilities, or activities.

14. These appropriations to churches violate the constitutional prohibition against religious use of taxpayer money.

15. The two churches in question, Stonewall Baptist Church and Shreveport Christian Church, therefore knew or reasonably should have known that their receipt and use of the funds was unconstitutional and unlawful. The institutions could not have reasonably relied on payments of government funds for their expenses.

## CAUSE OF ACTION

16. Plaintiffs incorporate by reference, as if fully set forth herein, the allegations of paragraphs 1 through 15.

17. The Defendants, acting under color of state law, have violated and continue to violate the Establishment Clause of the United States Constitution, as applied to the states by the Fourteenth Amendment, by providing unrestricted, unmonitored, non-neutral grants of state taxpayer money to religious institutions.

18. The Defendants, failing to state any secular aim served by the appropriation of state funds to these institutions, have acted with the manifest intent of promoting, advancing, and endorsing religion.

19. The challenged appropriations under House Bill 1, enacted, implemented, and/or to be implemented by the Defendants, have the effect of advancing religion generally and the particular religious facilities and activities of Stonewall Baptist Church and Shreveport Christian Church, including, but not limited to, worship activities, religious education, proselytizing, religious counseling, and indoctrination.

20. By directly supporting these institutions, the Defendants have conveyed to the reasonable observer an impermissible message of government endorsement of and preference for religion generally and the particular religious activities and beliefs advanced by these two churches specifically.

21. The Defendants have failed to take adequate measures, or any precautions at all, to ensure that the recipient institutions do not use taxpayer funds to support their religious facilities, programs, and activities.

22. The Plaintiff has no adequate remedy at law.

## **RELIEF REQUESTED**

23. Plaintiff, on behalf of itself and its members, respectfully requests that the Court enter judgment in its favor and:

   a. Declare that the challenged appropriations from House Bill 1 violate the First Amendment to the U.S. Constitution;

   b. In the case that the funds have not yet been dispensed pursuant to House Bill 1 to Stonewall Baptist Church and Shreveport Christian Church, respectively, preliminarily and permanently restrain and enjoin payment of the challenged items, *or* in the case that the funds have already been distributed, direct the State to preliminarily and permanently prohibit expenditure of the funds by the religious institutions and order immediate recoupment, *i.e.*, that the institutions immediately return all funds received pursuant to House Bill 1, as well as interest and any other funds appropriated without a constitutional purpose or effect, to the State;

   c. Order the Defendants to adopt and implement standard procedural safeguards barring the use of future appropriations of taxpayer funds for religious purposes or activities;

   d. Award Plaintiff the costs and fees for this action, including, *inter alia*, attorneys' fees pursuant to 42 U.S.C. § 1988; and

   e. Award such other relief as this Court deems just and proper.

Dated:  August 13, 2007

Respectfully submitted,

By: _____
Katie Schwartzmann
Louisiana Bar No. 30295
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
OF LOUISIANA
P.O. Box 56157
New Orleans, LA 70156
Phone: 504.592.8056
Fax: 504.522.0618

Daniel Mach*  T.A.
D.C. Bar No. 461652
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
PROGRAM ON FREEDOM OF RELIGION & BELIEF
915 15th Street NW
Washington DC 20005
Phone: 202.675.2330
Fax: 202.546.0738
* Motion for admission *pro hac vice* pending